UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 3:03CR280 (EBB) |
| | : | |
| MARVIN TERRY KATZ | : | October 16, 2006 |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION
TO THE DEFENDANT'S MOTION TO TERMINATE PROBATION**

**I.    Preliminary Statement**

On October 2, 2003, the defendant waived indictment and pleaded guilty to an information charging him with conspiracy to commit criminal copyright infringement in violation of Title 18, U.S.C. § 371.  Following defendant's guilty plea, the United States Probation Office prepared a presentence investigation report which, on information and belief, calculated the defendant's resulting Sentencing Guidelines to call for a period of imprisonment of 37-46 months.  The defendant appeared before the Court for sentencing on February 5, 2004.  On the Government's motion, the Court departed from that sentencing range and sentenced defendant to a three year term of probation.

Defendant has  moved for early termination of his probation pursuant to 18 U.S.C. § 3564(c).  As demonstrated below, defendant's motion should be denied.

**II.    Discussion**

**A.    Applicable Law**

Title 18 U.S.C. § 3564 authorizes the Court to grant early termination of probation in certain circumstances and provides as follows.

The court, after considering the factors set forth in section 3553(a) to the extent

they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to modification of probation, terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in he case of a felony, if it is satisfied that sch action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

The factors referenced above include:

(a) (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed -

>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentences and the sentencing range established for-

>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
>   (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

18 U.S.C. § 3553(a).

The decision to grant early termination of probation rests within the sound

discretion of the court. *See United States v. Caruso*, 241 F.Supp.2d 466, 468 (D.N.J. Jan. 28, 2003); *see also United States v. Rasco,* 2000 WL 45438 at *3 (S.D.N.Y., Jan. 19, 2000)(supervised release). Early termination, however, is "not warranted as a matter of course." *United States v. Herrera*, 1998 WL 684471 at *2 (S.D.N.Y., Sept. 30, 1998). "It may be justified 'occasionally' in cases of new or unforseen circumstances." *Id*. (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)(supervised release)). "Occasionally, changed circumstances – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36.

The defendant has the burden to demonstrate that the circumstances warrant early termination. *Rasco*, 2000 WL 45438 at *3 ("Neither the statute nor the relevant case law places an affirmative obligation upon the government to make a showing of compelling penal need before a defendant will be required to complete a validly imposed term of supervised release. If the defendant desires to have that period shortened he must show that the circumstances warrant it, not that the government cannot prove otherwise.").

Where the defendant presents no new or exceptional circumstances, early termination is not warranted. See *Herrera*, 1998 WL 684471 at *2 ("Although Herrera seems to have adjusted well to probation, there are no new or exceptional circumstances sufficient to warrant a termination of his probation term."); *see also United States v. Caruso.* 241 F.Supp.2d at 268 (defendant has not exhibited any new or exceptional

circumstances to justify termination of his probation); *United States v. Martin*, 1992 WL 178585 at *1 (S.D.N.Y., July 13, 1992) ("The factors that led to imposition of the original sentence, however, remain unchanged. . . . This court does not find, nor does defendant even offer, the existence of new circumstances that merit a modification of the original sentence.").

Full compliance with the terms of court ordered supervision is expected and does not justify early termination. *Rasco*, 2000 WL 45438 at *2; *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (finding that defendant's compliance "with the terms of his supervision is commendable, but ultimately that is what is expected of him."). If simple compliance with the terms of supervision were sufficient to justify early termination, "the exception would swallow the rule." *Id*. As one court has recently summarized:

> The conduct cited by defendant in support of his Motion is commendable. However, it is nothing more than what is required under the terms of defendant's supervised release. . . . . Rather, early termination of supervised release should be ordered only in extraordinary circumstances. . . . .

*United States v. Williams*, 2006 WL 618849 at *1 (E.D.Pa. Mar 13, 2006)(citations omitted).

### B. Defendant's Motion For Early Termination of Probation

As an initial matter, the Government notes that the Court's probationary sentence represented a substantial departure from the otherwise applicable sentencing guideline range of 37 to 46 months' incarceration. *See United States v. Caruso.* 241 F.Supp.2d at 268; *United States v. Paterno*, 2002 WL 1065682 at *2 (D.N.J. Apr 30, 2002) ("The

Court notes that Defendant's sentence of five years probation was already a significant departure from the 24 to 30 month term of incarceration it could have imposed.").

Further, the defendant does not offer any information that justifies early termination of his probation. The defendant makes no assertion of extraordinary conduct or changed circumstances that make the terms of his probation unduly burdensome or harsh. See Defendant's Motion to Terminate Probation (hereinafter "Motion").

Instead, the defendant states that he has fully paid the $6,000 fine ordered by this Court and that "[t]o date, the defendant has been on probation and successful. He is employed, has reported as required, and has been in compliance with all of the conditions imposed upon him by his probation officer." Motion at ¶ 1 and 3. While commendable, compliance is what is required and he fails to present any evidence of extraordinary conduct or evidence of new or exceptional circumstances warranting an early termination. In addition, the defendant fails to argue that any particular hardship or injustice would result from his completing the term of probation. *See* Motion. In the absence of such a showing, defendant's motion for early termination should be denied. *Herrera*, 1998 WL 684471 at *2.

**III. Conclusion**

      For the reasons discussed above, defendant's motion for early termination of his probation should be denied.

                                            Respectfully Submitted,

                                            KEVIN J. O'CONNOR
                                            UNITED STATES ATTORNEY

                                            ANTHONY E. KAPLAN
                                            ASSISTANT U.S. ATTORNEY
                                            Federal Bar No. Ct08083
                                            157 Church Street, 23rd Floor
                                            New Haven, CT 06510
                                            Tel: (203) 821-3700

CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 16th day of October, 2006, to the following:

| | |
|---|---|
| James H. Pickerstein, Esq. | Jacqueline Carroll |
| Pepe & Hazard, LLP | U.S. Probation Office |
| 30 Jelliff Lane | 157 Church Street |
| Southport, CT 06890 | New Haven, CT 06510 |

_____
ANTHONY E. KAPLAN
ASSISTANT U.S. ATTORNEY